**Pearl C. HARRIS, Appellant,**

v.

**Charles L. COLLINS and Frances M. Collins, Appellees.**

**No. 3889.**

District of Columbia Court of Appeals.

Argued Sept. 7, 1966.

Decided Oct. 19, 1966.

278

Milton Conn, Washington, D. C., for appellant.

George A. Schmiedigen, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM:

On February 19, 1963, appellant as purchaser and appellees as sellers contracted for the sale of a dwelling house. The contract provided that the purchaser would be given possession at date of settlement and that the "property is sold in its present physical condition."[1] An added provision, typed on the reverse side of the printed form, stated: "Sellers agree * * * the roof of house not to leak and the basement not to leak as of the day of settlement, but for no further time." Settlement occurred on April 29, 1963, but the purchaser did not take possession until the following day, April·30. It had rained on the 29th. Rain came again on the 30th and, according to the purchaser, both the roof and basement leaked on that day. This action by the purchaser claimed damages for breach of the sellers' agreement that the roof and basement would "not leak as of the day of settlement." From an adverse judgment the purchaser has appealed.

The purchaser argues that because the roof and basement leaked on April 30, it is a reasonable inference that they also leaked on the previous day, the settlement day. We agree that the trial court, sitting without a jury, could have so inferred, but we do not agree that the trial court was compelled to reach that inference. Opposed to the purchaser's testimony was the testimony of the sellers, who occupied the house up to the day before settlement, that the house and basement did not leak and their testimony that a test on the day before settlement by means of a garden hose disclosed no leaks.

The issue, as presented by the purchaser, was whether the roof and basement leaked on April 29. As no one was in the house on that day, there was no direct testimony on the issue. The purchaser testified· that there were leaks on April 30. The sellers testified there were no leaks on April 28. We cannot hold that the trial court was in error as a matter of law in finding that the purchaser failed to carry the burden of proof.

Affirmed.

[1]. There was testimony that the house was perhaps sixty years old and the roof was in excess of fifteen years old.